UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Carol Walsh,

    Plaintiff,

v.

CEDA, Inc.,

    Defendant.

**COMPLAINT**
**(JURY TRIAL DEMANDED)**

Court File No. _____

---

Plaintiff, Carol Walsh, for her complaint against Defendant CEDA, Inc. states and alleges as follows:

## PARTIES

1. Plaintiff, Carol Walsh, is a resident of the City of Cannon Falls, in Goodhue County, in the State of Minnesota.

2. Defendant, CEDA, Inc., is a North Dakota corporation with a registered office in Minneapolis, MN, which conducts business at 15830 Lincoln Street NE, Ham Lake, MN 55304. Defendant is part of an international organization.

## JURISDICTION & VENUE

3. This action arises under 42 U.S.C. § 2000e, et seq. As such, jurisdiction is conferred based on 28 U.S.C. § 1331.

4. Plaintiff also asserts claims under the Minnesota Human Rights Act, Minn. Stat. § 363.03A, et seq., for which supplemental jurisdiction is established under 28 U.S.C. § 1367.

5. Venue is proper under 28 U.S.C. § 1391 because the unlawful practices described hereinafter were committed in the District of Minnesota and Defendant operates a business within Minnesota.

## FACTUAL ALLEGATIONS

6. In August 2008, Plaintiff applied to work as a general laborer for Defendant.

7. At the time she applied to work for Defendant, Plaintiff was qualified for the general laborer position.

8. On several occasions after she submitted her application, Plaintiff contacted Andy Werkheiser ("Werkheiser"), Defendant's Division Manager, to inquire about the status of her application.

9. Plaintiff also contacted James Lehrke ("Lehrke"), Defendant's Assistant Division Manager, regarding same.

10. When Plaintiff spoke with Werkheiser and Lehrke, neither manager provided Plaintiff with any information regarding her pending application.

11. At no time after the submission of her application did Defendant contact Plaintiff about an interview or to discuss the status of her application.

12. Plaintiff's husband, Kevin Walsh, has been employed by Defendant for fifteen years and currently holds the position of Field Supervisor.

13. In August and September 2008, Plaintiff's husband contacted Werkheiser on a number of occasions to discuss Plaintiff's pending application.

14. During one conversation with Plaintiff's husband, Werkheiser told him that Plaintiff had not been hired because Defendant "had problems with women in the past and women don't belong doing this kind of work."

15. On information and belief, other employees of CEDA, Inc., including Dan Parga ("Parga") and Chris Morel ("Morel"), told Werkheiser and Lehrke that hiring Plaintiff would benefit the team.

16. On information and belief, Werkheiser and Lehrke disagreed with Parga and Morel's endorsement of Plaintiff, based on the fact that Plaintiff is a woman.

17. In or around January 2009, Plaintiff attended a Superbowl party with her husband at Werkheiser's home.

18. When conversing with Werkheiser, Plaintiff stated "[i]f I had a penis, I would have had the job." In response to Plaintiff's comment, Werkheiser tightened his lips and slightly nodded.

19. Plaintiff was also informed that she had not yet been hired because CEDA's Canada office was reviewing Plaintiff's application with respect to a nepotism policy.

20. It is common knowledge that other supervisors employed by Defendant have worked with male family members; some of Defendant's employees have even directly supervised male family members.

21. Since Plaintiff applied for the general laborer position, other less qualified men have applied for the same position and been hired by Defendant.

22. To date, Plaintiff has not been notified by Defendant that she will not be hired as a general laborer.

23. Plaintiff exhausted her administrative remedies.

## COUNT I

## GENDER DISCRIMINATION – TITLE VII

24. Plaintiff restates and incorporates all of the above paragraphs as if fully stated herein.

25. Plaintiff and Defendant are employee and employer respectively within the meaning of 42 U.S.C. § 2000e, et seq.

26. 42 U.S.C. § 2000e-2(a)(1) provides that it is an unlawful employment practice for an employer to "to fail or refuse to hire . . . or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex . . ."

27. Defendant's conduct in connection with Plaintiff's employment constituted gender discrimination in violation of 42 U.S.C. § 2000e-2(a)(1).

28. 42 U.S.C. §2000e-2(a)(2) provides that it is an unlawful employment practice for an employer to "limit, segregate, or classify his employees . . . in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's . . . sex . . ."

29. Defendant's failure to hire, or at least interview, Plaintiff constitutes gender discrimination in violation of 42 U.S.C. §2000e-2(a)(2).

30.	Defendant committed the above-alleged facts with reckless disregard or deliberate disregard for Plaintiff's rights. Therefore, Plaintiff is entitled to punitive damages.

31.	As a result of Defendant's unlawful conduct, Plaintiff has suffered and will continue to suffer loss of past and future income and employee benefits, mental anguish, emotional distress, embarrassment, and other damages in excess of $75,000. Plaintiff is also entitled to attorney's fees and costs incurred in connection with this claim.

## COUNT II

**GENDER DISCRIMINATION – MINNESOTA HUMAN RIGHTS ACT**

32.	Plaintiff restates and incorporates all of the above paragraphs as if fully stated herein.

33.	Plaintiff and Defendant are employee and employer respectively within the meaning of Minn. Stat. §363A.03.

34.	Minn. Stat. § 363A.08 provides that it is unlawful for an employer "because of . . . sex . . . to refuse to hire or to maintain a system of employment which unreasonably excludes a person seeking employment; or . . . to discriminate against a person with respect to hiring, tenure, compensation, terms, upgrading, conditions, facilities, or privileges of employment."

35.	Defendant's failure to hire, or at least interview, Plaintiff constitutes gender discrimination in violation of Minn. Stat. § 363A.08, subd. 2.

36.	As a result of Defendant's unlawful conduct, Plaintiff has suffered and will continue to suffer loss of past and future income and employee benefits, mental anguish,

emotional distress, embarrassment and other damages in excess of $75,000. Plaintiff is also entitled to attorney's fees and costs incurred in connection with this claim.

## COUNT III

## MARITAL DISCRIMINATION – MINNESOTA HUMAN RIGHTS ACT

37. Plaintiff restates and incorporates all of the above paragraphs as if fully stated herein.

38. Plaintiff and Defendant are employee and employer, respectively, for the purposes of the definitions set forth in Minn. Stat. § 363A.03, subds. 15, 16.

39. Minn. Stat. § 363A.08 provides that it is unlawful for an employer "because of . . . marital status . . . to refuse to hire or to maintain a system of employment which unreasonably excludes a person seeking employment; or . . . to discriminate against a person with respect to hiring, tenure, compensation, terms, upgrading, conditions, facilities, or privileges of employment."

40. Marital status discrimination under Minn. Stat. § 363A.08 is defined by Minn. Stat. § 363A.03, subd. 24, which states:

> Marital status means whether a person is single, married, remarried, divorced, separated, or a surviving spouse and, in employment cases, includes protection against discrimination on the basis of the identity, situation, actions, or beliefs of a spouse or former spouse.

41. Defendant's conduct in connection with Plaintiff's employment constitutes marital status discrimination in violation of Minn. Stat. § 363A.08.

42. As a result of Defendant's unlawful conduct, Plaintiff has suffered and will continue to suffer loss of past and future income and employee benefits, mental anguish,

emotional distress, embarrassment and other damages in excess of $75,000. Plaintiff is also entitled to attorney's fees and costs incurred in connection with this claim.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A. That the Defendant's practices complained of herein be determined and adjudged to constitute discrimination in direct violation of 42 U.S.C. § 2000e and Minn. Stat. § 363A.03, et seq.;

B. For compensatory damages for loss of income, emotional distress, and other damages in excess of $75,000;

C. For treble damages as allowed by Minn. Stat. § 363A.29 (4);

D. For punitive damages;

E. For all available equitable relief;

F. For attorney's fees, costs and disbursements incurred herein;

G. For all other damages and penalties allowable under the Minnesota Human Rights Act and Title VII of the Civil Rights Act;

H. For a civil penalty assessment pursuant to the Minnesota Human Rights Act; and

I. For such further and other relief as the Court deems just.

NICHOLS KASTER, PLLP

Date: 11/6/09

*Adrianna Haugen*
Steven Andrew Smith #260836
Adrianna S. Haugen #0387799
4600 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Fax: (612) 338-4878

ATTORNEYS FOR PLAINTIFF